CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 21 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRENDA K. MONK,<br>(*E.R.M., child*),<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>Defendant. | CASE NO. 4:07CV00003<br><br><u>REPORT AND RECOMMENDATION</u><br><br>By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This *pro se* challenge to a January 12, 2007 final decision by the Commissioner which adopted a decision by an Administrative Law Judge ("Law Judge") denying plaintiff's claim for continued Supplemental Security Income (SSI) benefits (child's disability) and ending benefits effective April 2005, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct proceedings and to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned RECOMMENDS that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this action from the docket of the court.

In a decision eventually adopted as the Commissioner's final decision, an Administrative Law Judge ("Law Judge") found that the plaintiff's child, who was born on October 30, 1994 and enrolled in elementary school, had been granted child's disability benefits on April 1, 2000 due to his intellectual function, speech impediment and learning disability. (R. 17.) He further found that

the child, who had no substantial gainful employment, suffered borderline intellectual functioning which was a severe impairment and suffered more than slight abnormalities with more than minimal functional effects. (*Id.*) Evaluating the medical and other clinical evidence in the record under 20 C.F.R. §§416.924a- 416.926a, the Law Judge concluded that the child had improved since November 21, 2000 by a decrease in medical signs and clinical findings to the point where he did not medically meet or functionally equaled the criteria of any listed impairment, that he did not suffer an "extreme" limitation in domain of functioning or "marked" limitations in two domains of functioning. (R. 23.)   Moreover, he found that the child's intellectual function did not meet or medically equal the criteria for a listed mental impairment. (*Id.*). Therefore, he found that the child was no longer entitled to child's disability benefits effective April 2005 through the date of his decision. (R. 24.)

Plaintiff appealed the Law Judge decision to the Appeals Council, and while the case was on administrative appeal, she submitted additional evidence comprised of her own statements to the Council and additional medical and other clinical records.(R. 269-285.) The Council found no reason under applicable rules, in the record or in the additional evidence to review the Law Judge's decision and adopted it as a final agency decision. (R. 6-8.) This action ensued after which the plaintiff has submitted considerable documents on judicial review.

Under the standards for child's disability benefits which were fixed in 1996 by legislation known as the Personal Responsibility and Work Opportunity Act of 1996, an individual under age 18 will be considered disabled only if the person suffers a medically determinable physical or mental impairment which results in marked or severe functional limitations lasting for a continuous period of not less than 12 months, unless the person is engaging in substantial gainful activity.  42 U.S.C. § 1382c(a)(3)(C).  Regulations promulgated thereunder set forth a three-step process to

determine entitlement asking first whether the child is working, second whether the child suffers a severe impairment, and third whether the impairment meets or functionally equals any listed impairment under Appendix I to Subpart P of the regulations as may be qualified by other applicable regulations. 20 C.F.R. §§ 416.924-416.926.

One set of qualifications pertains to functional equivalence, and the pertinent rules are found under 20 C.F.R. §926. Stated generally, to functionally equal a listed impairment, a child must demonstrate at least one "extreme" limitation in one area of functioning, or, in the alternative, show "marked" limitations in two functional areas. 20 C.F.R. § 416.926a(b) The definitions of "extreme" and "marked" are set forth in 20 C.F.R. § 416.926a(c)(3), and the areas of functioning are set forth in 20 C.F.R. § 416.926a(c)(4).

The Commissioner certainly has the right to review a claimant's disability status to determine whether the claimant's disability continues. 20 C.F.R. § 416.988- § 416.994a. The regulatory inquiry in such a case, as the Law Judge articulated, is whether the claimant has experienced a medical improvement that has restored his/her capacity to perform substantial gainful activity. Id. Ordinarily, to sustain the cessation of benefits, the substantial evidence in the record must show that the plaintiff medically has improved to the extent claimed by the Commissioner. 20 C.F.R.§ 416.994(b)(5). There is no presumption that a claimant's disability continues, and the Commissioner will conduct a sequential evaluation to determine: 1) whether the impairment meets or equals the requirements of any listed impairment; 2) whether there has been any medical improvement under 20 C.F.R. § 416.994(b)(1); 3) whether the medical improvement relates to the claimant's ability to work ,i.e. whether there has been an increase in the claimant's residual functional capacity; and 4) irrespective of medical improvement or

3

increase in functional capacity, whether there is a regulatory exception disqualifying the claimant from continued benefits. 20 C.F.R. § 416.994(b)(5).

The court is required to uphold the Commissioner final decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Commissioner is charged with evaluating the medical evidence, assessing symptoms, signs and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545. The regulations grant latitude to the Commissioner in resolving conflicts or inconsistencies in the medical evidence, and whether a claimant is disabled is a question for the Commissioner and not one reserved to any one or more medical sources. 20 C.F.R. § 404.1527(e)(2).

The undersigned acknowledges that the plaintiff has made every effort to support the claim for continued child's benefits on behalf of her son. However, in his Brief in Support of His Motion for Summary Judgment ("Def.'s Brief"), the Commissioner has taken pains to summarize all the medical and clinical evidence, including evaluations from the child's school, reports of consultative examinations and the testimony of a medical expert ("ME"). While the child does suffer a borderline range of intellectual function and experiences some learning disability, the evidence shows: 1) his IQ scores have improved to the point where they no longer meet or equal any listed impairment for individuals under age 18 as set forth in 20 C.F.R. § 416.925(b)(2), Appendix 1, Part B, §112.00 *et seq.*; 2) his functioning in school improved to the point of being able to read and learn, albeit at a slower pace; and 3) according to the Me, he does not suffer limitations which qualified as extreme or marked in the domain limitations required by the regulations. (Def.'s Brief

4

4-8.)[1] Moreover, the Commissioner correctly has observed that the information plaintiff submitted to the Appeals Council and to this court demonstrates the child's grade appropriate progress, though he does experience some delayed cognition and is more slow in responding to oral and written directions than his peers. (*Id.* at 8-10.)[2] The only evidence favorable to a claim that the child's disability continued after April 2005 is the plaintiff's own testimony before the Law Judge, and her written submissions advanced before the Council and the court. The undersigned identifies with and has sympathy for plaintiff's efforts on behalf of her child, and it is not difficult to see from her vantage point her heart-felt belief that the child suffers disability. However, in the end, any decision in this case must be based on the evidence before the administration and the court, and that evidence substantially supports the Commissioner's final decision, as difficult as that may be for the plaintiff to accept.

Accordingly, the undersigned RECOMMENDS that an order enter AFFIRMING the Commissioner's final decision, GRANTING summary judgment to the defendant and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual

---

[1] *See, e.g.,* R. 164-179, 252- 257, 296-299.

[2] According to the evidence offered on judicial review, the Patrick County Public Schools did not authorize the child for special education.

5

recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

8/21/07
Date