IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRENDA K. MONK,<br>    *(E.R.M., child)*,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>    Commissioner of Social Security,<br><br>    Defendant. | Case No. 4:07CV00003<br><br>**MEMORANDUM OPINION**<br><br>By: Jackson L. Kiser<br>    Senior United States District Judge |

Before me is the *Report and Recommendation* of United States Magistrate Judge B. Waugh Crigler. The Magistrate Judge recommends granting the Defendant's *Motion for Summary Judgment*. I have reviewed the Magistrate Judge's *Report and Recommendation*, as well as the Plaintiff's *Objections*. The matter is now ripe for decision.

For the reasons stated below, I will **ADOPT** the Magistrate Judge's *Report and Recommendation* and **OVERRULE** the Plaintiff's *Objections*. I will **GRANT** the Defendant's *Motion for Summary Judgment*.

**I.**    **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff Brenda K. Monk protectively filed an application for disability benefits on behalf of her minor child, Eura Ryan Monk ("Ryan Monk"), on May 26, 2000, alleging that he had been disabled since October 10, 1995, due to a speech impediment, a learning disability, and developmental delays. The Commissioner found Plaintiff's child disabled at that time due to mental retardation. (R. 17.) On April 28, 2005, pursuant to a continuing disability review, the Commissioner determined that Ryan Monk's condition had improved and that he was no longer

1

disabled. (R. 15.) Plaintiff requested reconsideration of this decision, and the Disability Hearing Officer affirmed the decision to discontinue benefits. (R. 17.) Following this, a hearing was held before an Administrative Law Judge ("ALJ") and on September 8, 2006, the ALJ issued a decision finding that Ryan Monk had experienced medical improvement and that his impairment no longer met, medically equaled, or functionally equaled any listed impairment in the regulations. (R. 24.)

The ALJ based this decision in part on testimony by Robert Muller, a medical expert. Mr. Muller testified that Ryan Monk had improved his performance on cognitive tests significantly since the time he was initially determined to be disabled. (R. 19.) He had no history of mental health treatment, and his "full scale IQ" went from 60 to 78 during the relevant time period, putting it beyond the range of a severe impairment according to the regulations. (R. 19.) Furthermore, Ryan Monk's speech impediment had improved, he was able to get ready for school and ride the bus without difficulties, and his emotional skills were "within normal limit[s]." (R. 297-98.) Given this testimony and his own review of the facts, the ALJ concluded that Ryan Monk did not meet any of the listed impairments in the regulations. (R. 23.)

On review, the Appeals Council denied Plaintiff's request and affirmed the ALJ's decision, making the Commissioner's decision final. Plaintiff timely filed an action in this Court to review the Commissioner's final decision under 42 U.S.C. § 405(g). I referred the case to Magistrate Judge B. Waugh Crigler to issue a *Report and Recommendation* on the matter. Judge Crigler issued his *Report* on August 21, 2007, recommending that I affirm the Commissioner's ruling, and grant summary judgment for the Defendants. Plaintiff filed her *Objections* on August 23, 2007.

## II. STANDARD OF REVIEW

Congress has limited judicial review of decisions by the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. 42 U.S.C. § 405(g); *see also Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (*quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by providing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527 and 416.927. If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 640.

## III. DISCUSSION

Judge Crigler recommends that I enter an order affirming the Commissioner's final decision, and granting summary judgment to the Defendant. This is recommended because, "[w]hile the child does suffer a borderline range of intellectual function and experiences some learning disability, the evidence shows . . . [that] his IQ scores have improved to the point where

they no longer meet or equal any listed impairment for individuals under age 18." *Report and Recommendation* 4. Furthermore, his functioning in school has improved to the point where he can read and learn, "albeit at a slower pace [than other students]." *Id.* Finally, Ryan Monk does not suffer limitations which qualify as extreme or marked under the definitions contained in the regulations. *Id.*

I agree with Judge Crigler. Ryan Monk clearly faces challenges in exercising his cognitive abilities relative to other students. However, there is substantial evidence in the record supporting the ALJ's finding that Ryan Monk does not qualify under the regulations as disabled. Significantly, Plaintiff cannot point to any evidence beyond her own personal observations that would indicate several marked or at least one severe impairment under the regulations. Plaintiff's objection to Judge Crigler's opinion consists entirely of the assertion that Ryan Monk is "like a mental Retard Child," who has been held back from advancing in grades at school twice, and who "does not act like a 12 year old." With all sympathy to the Plaintiff, who obviously feels that her child is disabled and deserving of government benefits, the United States has created standards that must be met for a child to receive such benefits. It is not within the power of this Court to bend those standards to accommodate a case due to sympathy.

## IV. CONCLUSION

For the reasons stated herein, I will **ADOPT** the Magistrate Judge's *Report and Recommendation* and **OVERRULE** Plaintiff's *Objections*. I **GRANT** Defendant's *Motion for Summary Judgment* and this case is hereby **DISMISSED** from the active docket of this Court. The Clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record and to the Plaintiff.

4

Entered this 6th day of November, 2007.

                                                s/Jackson L. Kiser
                                                Senior United States District Judge

5

Case 4:07-cv-00003-JLK-BWC    Document 18    Filed 11/06/07    Page 5 of 5    Pageid#: 101